NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0404n.06

No. 14-2088

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 04, 2015
DEBORAH S. HUNT, Clerk

DANIEL GLEED,                                    )
                                                 )
    Plaintiff-Appellant                          )
                                                 )
v.                                               )    ON APPEAL FROM THE
                                                 )    UNITED STATES DISTRICT
AT&T MOBILITY SERVICES, LLC,                     )    COURT FOR THE  EASTERN
                                                 )    DISTRICT OF MICHIGAN
    Defendant-Appellee.                          )
                                                 )
                                                 )

Before: CLAY, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge. Daniel Gleed, a former AT&T employee, has a leg condition that allegedly causes him great pain and increases his risk of skin infections when he stands for prolonged periods. Gleed sued AT&T under the Americans with Disabilities Act, alleging that AT&T refused to allow him to sit down at work and refused to adjust his schedule to accommodate treatment for an infection. Gleed also sued AT&T for sex discrimination under Title VII. The district court granted summary judgment to AT&T on all of Gleed's claims. We affirm in part and reverse in part.

I.

We recite the facts in the light most favorable to Gleed. Gleed suffers from chronic cellulitis (a skin infection), caused by circulatory problems in his legs, and eczema on his feet. Gleed's circulatory problems also cause his legs to swell when he stands for prolonged periods,

which increases the likelihood of an infection. The swelling is painful and makes Gleed's eczema worse, so with prolonged standing Gleed's suffering is "much greater."

In 2009, Gleed began working for Centennial Wireless as a retail salesperson at a store in Jackson, Michigan. Gleed worked at a desk, so he could sit most of the day. In 2010, AT&T bought Centennial and later moved the store to a new location. The new store had no desks; instead, it had standing terminals where employees showed customers AT&T's products. The new configuration required employees to stand for long periods of time throughout the day.

Shortly after the move, Gleed asked his supervisor, Erick Smith, for permission to use a chair on the sales floor. In support, Gleed gave Smith a nurse-practitioner's note that said "[p]lease allow to sit as needed." Gleed also showed Smith his leg, which, according to Smith, "looked horrible." But Smith refused to allow Gleed to use a chair. Gleed then reminded Smith that a pregnant coworker was sitting nearby, and asked Smith "[w]hat do I got to do, do I got to get pregnant to sit down?" Smith replied "[y]eah."

Seven months later, Gleed went to the emergency room because of a skin infection. A doctor told Gleed that he needed to come to the doctor's office each day for up to six weeks for hour-long IV treatments. Gleed asked Smith for an adjustment to his schedule so that he could receive the treatments without missing work, but Smith refused. Gleed then called AT&T's human-resources department and asked about his options. The HR representative said that Gleed's only option was to take unpaid leave and apply for back-pay later. Gleed never asked the representative about an adjustment to his schedule. After speaking with HR, Gleed returned to his doctor, who told him that he might die without the treatments. Gleed went back to the store and told Smith that he was resigning. He sent Smith a resignation email later that day.

Gleed thereafter sued AT&T for sex and disability discrimination.  Gleed alleged that AT&T violated the ADA by refusing to allow him to sit and by refusing to adjust his schedule; that AT&T violated Title VII by allowing a female employee to use a chair while denying one to Gleed; and that AT&T constructively discharged him because of his sex and his disability.  The district court granted summary judgment to AT&T.  This appeal followed.

## II.

We review de novo the district court's decision granting summary judgment.  *Rorrer v. City of Stow*, 743 F.3d 1025, 1038 (6th Cir. 2014).  Summary judgment is improper if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *A.C. ex. rel. J.C. v. Shelby County Board of Education*, 711 F.3d 687, 696 (6th Cir. 2013).

## A.

## 1.

Gleed argues that AT&T violated the ADA when it refused to allow him to use a chair.  As an initial matter, AT&T contends that Gleed failed to present this argument on appeal.  Suffice it to say that, read liberally, Gleed's brief does present this argument.

The ADA prohibits employment discrimination based on disability.  42 U.S.C. § 12112(a).  An employer discriminates on the basis of disability if the employer fails to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."  42 U.S.C. § 12112(b)(5)(A).  To prevail on a reasonable-accommodation claim, a plaintiff must first show that he has a disability and that he is able to perform the essential functions of his job with or without a reasonable accommodation.  *Rorrer*, 743 F.3d at 1038.  Next, the plaintiff must show that his employer refused to provide an accommodation that "seems reasonable on its face."  *U.S. Airways v. Barnett*, 535 U.S. 391, 401

3

(2002). Once the plaintiff shows that his employer denied him a reasonable accommodation, then the burden shifts to the employer to show that the accommodation would have imposed an "undue hardship" on the employer. *Id.* at 402.

Here, AT&T concedes that Gleed has a disability and that he is able to perform the essential functions of his job. The question, then, is whether the accommodation that Gleed requested—that he be allowed to sit as needed—seems "reasonable on its face." *Id.* at 401. We conclude that Gleed's requested accommodation does seem reasonable, given that (taking the facts in the light most favorable to Gleed) standing causes him great pain and increases his risk of skin infections. *See Talley v. Family Dollar Stores of Ohio*, 542 F.3d 1099, 1108-09 (6th Cir. 2008).

This Court dealt with similar facts in *Talley*. There, a cashier sued her employer after it refused to allow her to have a stool while she worked at her register. 542 F.3d at 1102-04. The cashier had "severe pain" when she had to stand for more than 15 minutes. *Id.* at 1103. We reversed the district court's grant of summary judgment to her employer, because "the use of a stool may have been a reasonable accommodation," and the employer had "not offered [Talley] an accommodation that would have allowed her to work her shift without pain." *Id.* at 1108. Here, Gleed testified that AT&T refused to allow him to use a chair, which would have allowed him to work his shift without unnecessary pain. Thus here, as in *Talley*, a reasonable jury could find that AT&T failed to provide Gleed a reasonable accommodation.

In response, AT&T offers none of the arguments one typically sees in ADA cases. AT&T does not contend that prolonged standing was an essential part of Gleed's job; it does not contend that allowing him to sit would have imposed an undue hardship on AT&T; and it admits that it allowed Gleed's pregnant coworker to have a chair, which suggests that AT&T could have

provided one to him. Instead, AT&T insists that if Gleed was physically capable of doing his job—no matter the pain or risk to his health—then it had no obligation to provide him with any accommodation, reasonable or not. In support, AT&T cites our decisions in *Gaines v. Runyon*, 107 F.3d 1171 (6th Cir. 1997), and *Landefeld v. Marion General Hospital*, 994 F.2d 1178 (6th Cir. 1993). Both of those cases arose under the Rehabilitation Act, however; and the ADA sometimes "raises the employer's standard of care" beyond that required by the Rehabilitation Act. *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 316 (6th Cir. 2012) (en banc) (emphasis omitted). Moreover, the ADA's implementing regulations require employers to provide reasonable accommodations not only to enable an employee to perform his job, but also to allow the employee to "enjoy equal benefits and privileges of employment as are enjoyed by . . . similarly situated employees without disabilities." 29 C.F.R. § 1630.2(o)(1)(iii). Here, taking the evidence in the light most favorable to Gleed, he needed a chair to work—as other employees do—without great pain and a heightened risk of infection.

AT&T also contends that summary judgment was proper because Gleed had failed to comply with AT&T's procedure for requesting an accommodation. To prevail on a failure-to-accommodate claim, an employee must show that he notified his employer of his need for an accommodation. *See Rorrer*, 743 F.3d at 1041. Here, AT&T contends that Gleed did not notify it of his need for a chair because he failed to comply with the procedure laid out in AT&T's "Integrated Disability Service Center Guide." The Guide states that an employee who needs an accommodation should first tell his supervisor about it and then call the Service Center. But Gleed testified that he had never seen the Guide, and AT&T has not presented evidence to the contrary. Nor did Smith ever tell Gleed to call the Service Center about his need for an accommodation. AT&T therefore is not entitled to summary judgment on this ground.

2.

Gleed also argues that AT&T violated the ADA when Smith refused to adjust Gleed's schedule to accommodate his IV treatments. AT&T contends that Gleed quit too soon, before Gleed and AT&T could agree on an appropriate accommodation. The ADA requires both employers and employees to "participate in good faith" in an interactive process to determine if an accommodation is possible. *Rorrer*, 743 F.3d at 1040 (quotation marks omitted). If the process "fails to lead to [a] reasonable accommodation," then "responsibility will lie with the party that caused the breakdown." *Id.* (quotation marks omitted). Here, Gleed testified that after Smith denied his request for a scheduling accommodation, AT&T's HR department offered him unpaid leave with the possibility of applying for back-pay. Gleed never told AT&T that this accommodation would not work; instead, he quit the next day. Thus Gleed, not AT&T, caused the breakdown in the interactive process. The district court properly granted summary judgment to AT&T on Gleed's IV-treatment claim under the ADA.

B.

Gleed also argues that the district court should not have granted summary judgment on his sex-discrimination claim. To prevail on this claim Gleed must show, among other things, that he suffered an adverse employment action. *See Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 n.1 (6th Cir. 2002). An adverse employment action "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Regan v. Faurecia Automotive Seating, Inc.*, 679 F.3d 475, 481 (6th Cir. 2012) (quotation marks omitted). Here, AT&T's failure to allow Gleed to sit at work did not change Gleed's

employment status at all. Thus, the district court properly granted summary judgment on Gleed's sex-discrimination claim.

C.

Finally, Gleed argues that AT&T constructively discharged him because of his disability and gender. To prove constructive discharge, a plaintiff must show that his employer deliberately created intolerable working conditions with the intent to force the plaintiff to quit. *Laster v. City of Kalamazoo*, 746 F.3d 714, 727-28 (6th Cir. 2014). Gleed says that Smith forced him to quit by denying him two reasonable accommodations. But the denial of an accommodation, by itself, is not sufficient to prove that an employer constructively discharged an employee. *Talley*, 542 F.3d at 1109. And Gleed points to nothing else in the record that suggests Smith's real purpose in denying Gleed's requests was to force Gleed to resign from AT&T. Thus, no reasonable jury could find that AT&T intended to force him to quit, and summary judgment was therefore proper on this claim too.

\*     \*     \*

The district court's judgment is affirmed, except that the district court's grant of summary judgment to AT&T on Gleed's reasonable-accommodation claim under the ADA is reversed. The case is remanded for further proceedings consistent with this opinion.