# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAUNDRA M. MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-00729 (APM) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

### I.

Before the court is Defendant District of Columbia's Motion for Reconsideration of the Court's February 8, 2019, decision granting in part the District's Motion for Summary Judgment. *See* Def.'s Mot. for Reconsideration, ECF No. 83 [hereinafter Def.'s Mot.]. Defendant seeks reconsideration of that portion of the court's ruling denying summary judgment on Plaintiff's reasonable accommodation claim. Defendant's motion is denied.

A motion for reconsideration should not be granted unless the claimant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1207 (D.C. Cir. 1996) (citation omitted). Defendant fails to establish any of these criteria.

### II.

In its prior decision, the court denied Defendant summary judgment on Plaintiff's failure-to-accommodate claim, ruling that Plaintiff could establish that the modified work schedule she sought was related to her knee disability based on a letter from her treating physician. *See* Mem. Op., ECF No. 79, at 7. Notwithstanding the physician's letter, Defendant now argues that Plaintiff

cannot establish relatedness because the court previously barred Plaintiff from introducing her treating physician's *testimony* at trial due to her failure to make the required expert disclosure under Federal Rule of Civil Procedure 26(a)(2)(C). *See* Def.'s Mot. at 2 (citing Mem. Op., ECF No. 61 [hereinafter Sanction], at 5). Although Defendant is correct that Plaintiff's physician cannot testify, *see* Sanction at 5, it is wrong that proving relatedness necessarily requires a treating physician's expert testimony.

Expert testimony might be required in some cases, but not always. In *Hill v. Associates for Renewal in Education, Inc.,* the D.C. Circuit stated that a plaintiff "need only show that an 'accommodation' seems reasonable on its face, i.e., ordinarily or in the run of cases." 897 F.3d 232, 237 (D.C. Cir. 2018). The plaintiff in *Hill*, the court held, satisfied the relatedness requirement based on his own "documentary evidence" connecting the accommodation request and his disability. *Id.* at 239; *see also Mehta v. Council for Jewish Elderly*, 1996 WL 272520, at *3 (N.D. Ill. 1996) (allowing plaintiff to establish relatedness with her own testimony). By contrast, in *Stern v. University of Osteopathic Medicine and Health Sciences,* the Eighth Circuit held that where the connection between the disability and reasonable accommodation request is not apparent to a lay person, expert testimony is necessary. *See* 220 F.3d 906, 909 (8th Cir. 2000). Expert testimony was required in that case to show that the testing accommodation sought was related to the plaintiff's dyslexia, because "neither the average layperson nor this court can determine without expert assistance the nature of dyslexia and what measures would actually address [plaintiff's] needs." *Id.*

Here, as in *Hill* and unlike in *Stern*, a layperson could determine that Plaintiff's disability was related to her requested accommodation without the testimony of a treating physician. Plaintiff's request to work during hours that would reduce her commute time to avoid aggravating

her knee troubles "seems reasonable on its face." *Hill*, 897 F.3d at 237. The letter from Plaintiff's doctor, which is admissible if Plaintiff lays the requisite foundation, makes the connection clear: "[s]he needs accommodation so that she can avoid the rush hour traffic . . . which would significantly be detrimental to her recovery because of the motion in her knee during driving and potential stop and go situations in her car," Def.'s Mot. for Summ. Judg., ECF No. 72, Ex. 10, ECF No. 72-10. *See Higgins v. Martin Marietta Corp.*, 752 F.2d 492, 497 (10th Cir. 1985) (holding that a plaintiff's physician's note was properly admitted because the letter fell within the business records exception to the hearsay rule); *see also O'Brien v. Int'l Business Machines, Inc.*, 2009 WL 806541, at \*5 n.10 (D. N.J. 2009) (same); *cf. Petrocelli v. Gallison*, 679 F.2d 286, 288, 290 (1st Cir. 1982) (suggesting that a physician's note could be admitted if the information reflected the physician's judgment). Plaintiff's own testimony provides additional evidence. *See* Def.'s Mot. for Summ. Judg., ECF No. 72, Ex. 4, ECF No. 72-4, at 84–85.[1] In her deposition, Plaintiff explained that she continued to need a modified work schedule after she returned to work in 2012 because her disability "was actually exacerbated because of the knee surgeries now because like I would get numbness in my legs, a lot of radioculopathy throughout the legs, both legs, and shooting and sometimes I could lose feeling temporarily which was even more dangerous with me operating a car and trying to control . . . the brake and the accelerator." *Id*. Plaintiff's testimony "will not be expert, [but] the jury may evaluate it to determine what credibility it has." *Mehta*, 1996 WL 272520, at \*3.

---

[1] This citation reflects the pagination of Plaintiff's deposition transcript.

III.

For the foregoing reasons, Defendant's Motion for Reconsideration is denied.


Dated:  June 3, 2019                                 Amit P. Mehta
                                                     United States District Court Judge