# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2020

Lyle W. Cayce
Clerk

No. 19-11364

RICKY JONES,

*Plaintiff—Appellant*,

*versus*

LUBBOCK COUNTY HOSPITAL DISTRICT, *doing business as* UNIVERSITY MEDICAL CENTER,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CV-151

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Plaintiff Ricky Jones sued his former employer, Lubbock County Hospital District, doing business as University Medical Center ("UMC"), for two alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* He claimed UMC denied him a reasonable

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11364

accommodation for his breathing disability, then fired him because of that disability. The district court granted UMC summary judgment on both claims, but we find that a material fact dispute remains as to the first. We therefore AFFIRM in part, VACATE in part, and REMAND for further proceedings on Jones's reasonable-accommodation claim.

## I.

Jones worked at UMC as a respiratory therapist from 1984 to 2017. He suffers breathing problems from asthma and bronchiectasis and relies on supplemental oxygen. Beginning in August 2016, he asked the hospital to accommodate his condition by letting him wear a portable oxygen device while working. UMC denied this request.

According to Jones, he needed only to wear an 18-inch-long oxygen tank in an over-the-shoulder harness. But Jones's supervisor, Robert Lopez, believed the device would hamper patient care, especially when multiple workers attended a single patient, or could malfunction. Jones disagreed, maintaining the device would neither restrict his movements nor impede proper care. As to concerns about device failure, Jones countered malfunction was unlikely and, even if it happened, he still could have completed a full shift.

Jones first requested this accommodation in August 2016. After the request was denied, he worked for about four days—while wearing the device—and was able to perform all his duties without issue. Jones then took a few weeks of leave to regain strength. Around that time, he applied for and was offered a secretarial position in the hospital. After his leave, though, he was strong enough to work without oxygen assistance and so declined the offer. He worked as a therapist for several more months, but after a bout of pneumonia in January 2017, his condition worsened and required around-the-clock oxygen. Jones renewed his request to wear the device, was denied,

and began a second period of leave on January 23, 2017. He then sought other work around the hospital but found no openings. In March 2017, as his leave ran out, he made one more unsuccessful accommodation request and then gave two weeks' notice.

On March 23, 2017, before the two weeks expired, Jones's supervisor fired him over messages he sent to former hospital employees that allegedly violated UMC's policy against gossip. Jones had undergone disciplinary counseling for gossiping in September 2016 and had signed a document warning that further violations could result in termination. He claimed his messages did not violate any employment policies and were instead a pretext to fire him and prevent his return to work if he later became healthy enough to do so.

Jones timely filed a complaint with the EEOC, which closed its investigation without a finding of discrimination. He then filed a complaint in federal district court, alleging two ADA claims and an age discrimination claim he later dropped. The district court granted UMC summary judgment on both ADA claims. It found that Jones's request to wear an oxygen device was not reasonable, and that UMC was not obligated to provide any other accommodation, such as a transfer, because Jones had not requested one. It also held that Jones had failed to show evidence that UMC's stated reason for firing him was a pretext for discrimination. Jones timely appealed.

## II.

We review a summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party. *E.E.O.C. v. LHC Grp.*, 773 F.3d 688, 694 (5th Cir. 2014) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Such a dispute exists when the "evidence is such

No. 19-11364

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *LHC Grp.*, 773 F.3d at 694. When assessing whether a dispute of material fact exists, "we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## III.

Jones alleges two violations of the ADA: failure to accommodate his disability and discriminatory firing. The ADA provides that employers shall not "discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Such discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Id.* § 12112(b)(5)(A); *see LHC Grp.*, 773 F.3d at 703 n.6 (distinguishing "failure-to-accommodate" and "disparate treatment" as separate ADA claims). We address Jones's two claims in turn.

## A.

To prevail on a failure-to-accommodate claim, a plaintiff must prove three statutory elements: "(1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Feist v. La., Dep't of Just., Office of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). The parties dispute only the third prong: whether UMC failed to make a reasonable accommodation for Jones's known disability.

4

The ADA does not define "reasonable accommodation" but illustrates the term with this non-exclusive list of examples:

> **(A)** making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

> **(B)** job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9). A plaintiff bears the burden of proving the reasonableness of an accommodation in his *prima facie* case. *Riel v. Elec. Data Sys. Corp.*, 99 F.3d 678, 683 (5th Cir. 1996). Whether a proposed accommodation is reasonable is generally a fact issue. *Id.*

We hold that Jones has shown a triable fact issue as to whether UMC failed to reasonably accommodate his disability by allowing him to use a portable oxygen device while working. Jones offered evidence that he could wear the device without interfering with his own work or that of other caregivers, that malfunction did not pose any risk, and that he used the device at his job for several days without issue. By contrast, UMC presented evidence that allowing Jones this accommodation would have interfered with patient care. The district court's summary judgment order resolved this question in UMC's favor, reasoning that in light of UMC's concerns about impeding patient care, Jones had failed to create a genuine fact dispute that his requested accommodation was reasonable under the circumstances. This was error. On the record before us, whether the device would have been a reasonable accommodation was "for the trier of fact." *Riel*, 99 F.3d at 683; *see also, e.g., Stokes v. Nielsen*, 751 F. App'x 451, 456 (5th Cir. 2018); *Hill v. Assocs. for Renewal in Educ., Inc.*, 897 F.3d 232, 238–39 (D.C. Cir. 2018). While Jones primarily relied on his own declaration as evidence, that

submission is "certainly appropriate for review" on summary judgment. *See E.E.O.C. v. WC&M Enters.*, 496 F.3d 393, 398 (5th Cir. 2007). We cannot weigh the evidence or make credibility determinations at this stage. *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016). The district court therefore erred by granting summary judgment on Jones's reasonable-accommodation claim.[1]

## B.

"In a discriminatory-termination action under the ADA, the employee may either present direct evidence that she was discriminated against because of her disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a Title VII case." *LHC Grp.*, 773 F.3d at 694 (citation modified). Direct evidence is "evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 765 (5th Cir. 2016) (citation omitted). Under the *McDonnell Douglas* framework, a plaintiff must first make a *prima facie* showing of discrimination, which the defendant must then rebut "by articulating legitimate business reasons for the adverse action." *Id.* (citing *LHC Grp.*, 773 F.3d at 701). If the defendant does so, the plaintiff must then show those reasons were pretextual, by showing the proffered explanation is "false or unworthy of credence," or that his disability was still a "motivating factor in the decision" to fire him in spite of any other proffered reasons. *LHC Grp.*, 773 F.3d at 702 (citation omitted). Evidence of pretext must be

---

[1] UMC could have also discharged its duty under the ADA by providing Jones an alternative accommodation. *See, e.g., Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). The record reflects that UMC offered Jones a different hospital job around August 2016, but at that time Jones was evidently still able to work as a therapist without using oxygen during his shifts. By the time of Jones's later requests for accommodation, however, it appears from the record that neither this job nor any other was available.

substantial. *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003). Under either approach—direct evidence or *McDonnell Douglas*—Jones's claim fails.

As direct evidence of discriminatory firing, Jones offers only UMC's alleged failure to accommodate. But Jones offers no evidence to connect the two. His argument would require us to infer, without evidence, that his eventual firing was connected to his earlier requests for accommodation. But "[i]f an inference is required for the evidence to be probative as to Appellee's discriminatory animus in firing Appellant, the evidence is circumstantial, not direct." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897–98 (5th Cir. 2002).

Applying *McDonnell Douglas*, the district court correctly held that UMC had shown a legitimate basis for the firing, which Jones failed to rebut. UMC documented its reason for Jones's termination by producing its employee conduct policy forbidding gossip, its record of the termination with stated reasons, and its record of Jones's previous disciplinary history under that policy. Jones's only evidence of pretext—his denial that his conduct amounted to gossip—falls short of the substantial evidence required to prove pretext. *See Laxton*, 333 F.3d at 579; *see also, e.g., Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 306–07 (5th Cir. 2020). Summary judgment on Jones's discriminatory-firing claim was therefore proper.

## C.

The parties also dispute on appeal whether Jones properly mitigated damages after being fired. *See, e.g., West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (citation omitted). The district court did not reach this affirmative defense because it mistakenly granted summary judgment on both of Jones's ADA claims. We decline to address the issue in the first instance and leave it for the district court to address on remand.

No. 19-11364

## IV.

For the foregoing reasons, we AFFIRM in part, VACATE in part, and REMAND for further proceedings.