23-665-cv
*Tudor v. Whitehall Central School District*

# United States Court of Appeals
# for the Second Circuit

AUGUST TERM 2024
No. 23-665-cv

ANGEL TUDOR,
*Plaintiff-Appellant,*

*v.*

WHITEHALL CENTRAL SCHOOL DISTRICT,
*Defendant-Appellee.*

ARGUED: JANUARY 29, 2025
DECIDED: MARCH 25, 2025

Before:     JACOBS, CARNEY, and PÉREZ, *Circuit Judges.*

Angel Tudor, a teacher, appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*), entered on March 21, 2023, granting summary judgment in favor of Whitehall Central School District on Tudor's failure-to-accommodate claim brought pursuant to the Americans with Disabilities Act.   We conclude that the district court erred by

holding that an employee's ability to perform the essential functions of her job

without a reasonable accommodation is fatal to her failure-to-accommodate

claim.   Accordingly, we vacate the judgment of the district court and remand

for further proceedings consistent with this opinion.

Vacated and remanded.

KAREN R. KING, Morvillo Abramowitz
Grand Iason & Anello PC, New York, NY
(*with* Joseph P. Klemme and Nathaniel
Sobel, Morvillo Abramowitz Grand Iason
& Anello PC, New York, NY, *on the brief*),
*for Plaintiff-Appellant*.

SCOTT P. QUESNEL, Girvin & Ferlazzo, P.C.,
Albany, NY, *for Defendant-Appellee*.

SYDNEY A. R. FOSTER, U.S. Department of
Justice, Civil Rights Division, Appellate
Section, Washington, DC (*with* Karla
Gilbride, Jennifer S. Goldstein, Anne Noel
Occhialino, and Chelsea C. Sharon, Equal
Employment Opportunity Commission,
Office of General Counsel, Washington,
DC; and Kristen Clarke, Assistant Attorney
General, U.S. Department of Justice,
Washington, DC, *on the brief*), *for the United
States as Amicus Curiae*.

DENNIS JACOBS, *Circuit Judge*:

Angel Tudor, a teacher, appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*), entered on March 21, 2023, granting summary judgment in favor of Whitehall Central School District ("Whitehall") on Tudor's failure-to-accommodate claim brought pursuant to the Americans with Disabilities Act (ADA). Tudor admitted that, notwithstanding her disability-related pain, she was able to perform the essential functions of her job "regardless of the alleged denial of her accommodation." *Tudor v. Whitehall Cent. School Dist.*, No. 20-cv-1338, 2023 WL 2587946, at *3 (N.D.N.Y. Mar. 21, 2023). The district court therefore held that she was unable to discharge her burden to prove she was entitled to a reasonable accommodation. This was error. A straightforward reading of the ADA confirms that an employee may qualify for a reasonable accommodation even if she can perform the essential functions of her job without the accommodation. Ability to perform the essential functions of the job is relevant to a failure-to-accommodate claim, but it is not dispositive. Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

# BACKGROUND

Angel Tudor has worked for Whitehall for approximately 20 years, first as a substitute teacher and then as a high school math teacher.[1] Tudor has suffered for decades from post-traumatic stress disorder (PTSD) related to sexual harassment and sexual assault by a supervisor in her former workplace. Tudor's PTSD symptoms have affected her neurological functioning, interfered with her ability to perform daily tasks, induced a stutter that impedes communication, and caused nightmares so severe she has awakened vomiting. Tudor takes multiple medications to manage her symptoms and has been admitted for psychiatric care related to her PTSD three times.

In 2008, Tudor's PTSD symptoms escalated beyond her ability to manage them with therapy and medication. In consultation with her therapist, she sought and received an accommodation from Whitehall that allowed her to leave campus for one fifteen-minute break during each of her morning and afternoon "prep periods," when she was not responsible for overseeing students. She

---

[1] On this appeal from a grant of summary judgment, we review the evidence in the light most favorable to Tudor as the non-movant. *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011).

used these breaks to compose herself away from the workplace, an environment that tends to trigger her symptoms.

In 2016, following a change in school administration, Whitehall began prohibiting teachers from leaving school grounds during prep periods. When Tudor attempted to do so despite the new policy, she was reprimanded for insubordination. She advised the administration as to her longstanding accommodation but was told that the documentation that Whitehall had on file was insufficient to establish her right to a reasonable accommodation. Rather than provide additional documentation, Tudor took paid sick leave and then requested leave for the fall semester under the Family and Medical Leave Act (FMLA). Her doctor identified her medical condition as "PTSD with severe anxiety and agitation." App'x 166. During Tudor's FMLA leave, she "was unable to teach and had to attend a 5 day a week intensive outpatient program . . . to get [her] PTSD symptoms and anxiety under control." App'x 389.

When Tudor returned from FMLA leave in January 2017, Whitehall granted her one of her requested breaks in the morning, plus a break in the

afternoon on days when a school librarian could watch her students.   When a librarian was unavailable, Tudor was unable to take an afternoon break.   This arrangement lasted through the 2017-18 and 2018-19 school years.   Whether it violated the ADA is the subject of a separate lawsuit, in which the district court ruled that summary judgment was precluded by genuine disputes regarding Tudor's disability and the sufficiency of the accommodation that Whitehall provided.   *See Tudor v. Whitehall Cent. School Dist.*, No. 18-cv-826, 2022 WL 2702417 (N.D.N.Y. July 12, 2022).

At issue in the suit on appeal is Tudor's schedule for the 2019-20 school year, which included a morning prep period and an afternoon study hall. During this school year, neither the school librarian nor any other Whitehall employee was available to cover for Tudor for fifteen minutes during the afternoon study hall.   Tudor nevertheless left school grounds for a break during her study hall period on 91 of the 100 days of school that year before classes went remote due to the pandemic.   Whether or not Whitehall administrators were aware that Tudor had thus resorted to self-help, no one from the Whitehall administration expressly authorized Tudor to take these breaks.   And Tudor

6

testified that, because she considered herself to have been violating school policy, these breaks heightened her anxiety.

Tudor sued, claiming Whitehall's refusal to guarantee a 15-minute afternoon break each day during the 2019-20 school year violated the ADA and New York State law. Tudor later stipulated to dismissing the state-law claims. During discovery, Tudor acknowledged that, even without additional accommodation, she was able to "perform the essential functions of her job," though "under great duress and harm." App'x 111.

The district court granted summary judgment to Whitehall. Judge Sharpe assumed without deciding that Tudor has a qualifying disability and that Whitehall's decision to schedule Tudor for study hall was a denial of her requested accommodation. Judge Sharpe nevertheless found that, because Tudor "was able to perform the essential functions of her job" without an accommodation, "no fact finder could determine she has established the third element of her failure to accommodate claim," i.e., that "with reasonable accommodation, plaintiff could perform the essential functions of the job at issue." *Tudor*, 2023 WL 2587946, at *3.

Tudor appealed, and this Court directed appointed counsel to brief "whether Appellant's ability to perform the essential functions of her job, without a reasonable accommodation, was fatal to her failure-to-accommodate claim under the Americans with Disabilities Act." Dkt. 78.

## DISCUSSION

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We review grants of summary judgment *de novo*. *Elliott v. Cartagena*, 84 F.4th 481, 495 (2d Cir. 2023).

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *see also id.* § 12111(8) (defining "qualified individual" in relevant part as "an individual who, *with or without reasonable accommodation*, can perform the essential functions of the employment position that such individual holds or desires" (emphasis added)). "To establish a *prima facie* case [for failure to accommodate] under the

8

ADA, a plaintiff must show by a preponderance of the evidence that: (1) his

employer is subject to the ADA; (2) he was disabled within the meaning of the

ADA; (3) he was otherwise qualified to perform the essential functions of his job,

*with or without reasonable accommodation*; and (4) . . . his employer refused to make

a reasonable accommodation." *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020)

(per curiam) (emphasis added). In other cases, we have articulated the third

element as "with reasonable accommodation, plaintiff could perform the

essential functions of the job at issue." *Natofsky v. City of New York*, 921 F.3d 337,

352 (2d Cir. 2019) (quoting *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92,

97 (2d Cir. 2009)). The district court, relying on this wording, inferred that an

employee who can perform the essential functions of the job *without* an

accommodation cannot, as a matter of law, sustain a claim for failure to

accommodate. This inference, however, cannot be squared with the ADA's

plain text.

"When interpreting a statutory provision, we start with the text." *Salazar*

*v. Nat'l Basketball Ass'n*, 118 F.4th 533, 546 (2d Cir. 2024). Prohibited

discrimination under the ADA includes "not making reasonable

accommodations to the known physical or mental limitations of an otherwise

9

qualified individual with a disability who is an . . . employee," unless "the accommodation would impose an undue hardship" on the employer. 42 U.S.C. § 12112(b)(5)(A). The ADA in turn defines a "qualified individual" as "an individual who, *with or without reasonable accommodation*, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8) (emphasis added); *see also Borkowski v. Valley Cent. School Dist.*, 63 F.3d 131, 135 (2d Cir. 1995) (holding, in the context of the analog Rehabilitation Act, that "an individual is otherwise qualified for a job if she is able to perform the essential functions of that job, either *with or without a reasonable accommodation*" (emphasis added)). And a "reasonable accommodation" is defined to include, *inter alia*, "job restructuring [or] part-time or modified work schedules." 42 U.S.C. § 12111(9).

Putting these provisions together, an employer must, absent undue hardship, offer a reasonable accommodation--such as a modified work schedule--to an employee with a disability if that employee is capable of performing the essential functions of her job with or without the accommodation. Under a straightforward reading of the phrase "with or without," the fact that an employee *can* perform her job responsibilities without a reasonable

accommodation does not mean that she *must*: she may be a "qualified

individual" entitled to reasonable accommodation even if she can perform the

essential functions of her job without one.

In concluding that "with or without" means with *or* without, we break no

new ground. Several of our sister circuits have considered whether the ability

to perform the essential functions of a job without an accommodation is fatal to

an employee's ADA or Rehabilitation Act failure-to-accommodate claim, and all

have reached the same conclusion.[2] We join this consensus: an employee with a

---

[2] *See Bell v. O'Reilly Auto Enters., LLC*, 972 F.3d 21, 24 (1st Cir. 2020) ("An employee who can, with some difficulty, perform the essential functions of his job without accommodation remains eligible to request and receive a reasonable accommodation."); *Hill v. Assocs. for Renewal in Educ., Inc.*, 897 F.3d 232, 239 (D.C. Cir. 2018) ("ARE's assertion that Hill did not need the accommodation . . . because he could perform the essential functions of his job without accommodation, 'but not without pain,' is unavailing." (citation omitted)); *Feist v. Louisiana*, 730 F.3d 450, 453 (5th Cir. 2013) ("The text thus gives no indication that an accommodation must facilitate the essential functions of one's position."); *Sanchez v. Vilsack*, 695 F.3d 1174, 1182 (10th Cir. 2012) (accommodation "is not per se unreasonable, even if an employee is able to perform the essential functions of her job without it"); *Buckingham v. United States*, 998 F.2d 735, 740 (9th Cir. 1993) ("[E]mployers are not relieved of their duty to accommodate when employees are already able to perform the essential functions of the job."); *see also Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 757 (11th Cir. 2023) (offering dicta that the "terms, conditions, and privileges of employment are more than just the essential functions of a job"); *Gleed v. AT&T Mobility Servs., LLC*, 613 F. App'x 535, 538 (6th Cir. 2015) (rejecting, in an unpublished opinion, the argument that plaintiff was

disability is qualified to receive a reasonable accommodation under the ADA even if she can perform the essential job functions without one. The text of the ADA is unambiguous and affords no other reasonable interpretation.

This textual reading, which is enough to resolve this appeal, is consistent with our case law: "As a remedial statute, the ADA must be broadly construed to effectuate its purpose of providing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Noel v. N.Y.C. Taxi & Limousine Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012) (internal quotation marks and citation omitted). To say that an accommodation must be strictly necessary to be reasonable would run counter to this purpose; if Congress had wanted employers to make only necessary accommodations, rather than reasonable ones, it could have said so. But Congress did not require "necessary accommodations"; the ADA plainly directs employers to make "reasonable accommodations." 42 U.S.C. § 12112(b)(5)(A). Generally speaking, "[p]er se

---

ineligible for any accommodation because he "was physically capable of doing his job--no matter the pain or risk to his health"). The Eighth Circuit likewise declined to adopt the per se rule "that the ADA requires employers to provide reasonable accommodations *only when necessary* to enable employees to perform the essential functions of their jobs." *Hopman v. Union Pac. R.R.*, 68 F.4th 394, 402 (8th Cir. 2023) (emphasis added).

rules are unreliable in the disability context." *Noll v. IBM Corp.*, 787 F.3d 89, 96 (2d Cir. 2015). Such is the case here, where the "reasonableness of an employer's accommodation is a 'fact-specific' question." *Id.* at 94 (quoting *Wernick v. Fed. Rsrv. Bank of N.Y.*, 91 F.3d 379, 385 (2d Cir. 1996)). *See also Hopman v. Union Pac. R.R.*, 68 F.4th 394, 401-02 (8th Cir. 2023) (failure-to-accommodate claims require a "fact- and context-specific" inquiry); *EEOC v. Charter Commc'ns, LLC*, 75 F.4th 729, 739-40 (7th Cir. 2023) ("[D]eciding whether a work-schedule accommodation of a disability . . . is reasonable depends on a highly fact-specific inquiry that considers the needs of both employer and employee.").

We may share in the blame for the district court's error here. In the past, we have articulated the third prong of a failure-to-accommodate claim variously: "he was otherwise qualified to perform the essential functions of his job, *with or without reasonable accommodation*"; and "*with reasonable accommodation*, plaintiff could perform the essential functions of the job at issue." *Compare Woolf*, 949 F.3d at 93, *with Natofsky*, 921 F.3d at 352. These formulations are compatible: a plaintiff who can perform the essential functions of the job *without* an accommodation can certainly perform those essential functions *with* one. As the

Government explains, "requiring a plaintiff to show that they are *able* to perform the essential functions of the job *with* a reasonable accommodation does not compel the inverse, *i.e.*, requiring a plaintiff to show that they are *unable* to perform the essential functions of the job *without* a reasonable accommodation." Brief of the United States as *Amicus Curiae* 15 (emphasis in original).  An employee may qualify for an accommodation even if it is not strictly necessary to her performance of the essential functions of the job.

We do not consider the extent to which the necessity of an accommodation to the performance of essential job functions is *relevant* to any particular failure-to-accommodate claim; we hold only that the necessity of the accommodation is not *dispositive*.  The ADA "does not require the perfect elimination of all disadvantage that may flow from the disability."  *Fink v. N.Y.C. Dep't of Pers.*, 53 F.3d 565, 567 (2d Cir. 1995).  But employees who can work without accommodation are included within the category of individuals "qualified" for reasonable accommodations, 42 U.S.C. § 12111(8).  In at least some circumstances, the ADA requires an employer to offer accommodations that mitigate (if not necessarily eliminate) an employee's disability-related pain.  *See Hill*, 897 F.3d at 239 ("A reasonable jury could conclude that forcing Hill to work

14

with pain when that pain could be alleviated by his requested accommodation violates the ADA.").

Whitehall is not foreclosed from raising other defenses on remand. In Tudor's first case against Whitehall, the district court found genuine disputes on such issues as whether Tudor has a qualifying disability and what accommodation would be reasonable. *See Tudor*, 2022 WL 2702417, at *4. Those arguments are not foreclosed here. Whitehall also might demonstrate that the requested accommodation would impose on it an undue hardship. At the same time, Tudor's long history of receiving her requested accommodation and Whitehall's evolving policies indicate that Tudor's requested accommodation may have been reasonable, notwithstanding that she performed her essential job functions without it. We leave these issues to the district court to address in the first instance. We hold only that accommodations that are not strictly necessary for an employee's performance of essential job functions may still be reasonable and therefore required by the ADA.

15

## CONCLUSION

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.

Appellant's pro se motions to appeal, Dkt. 20 & 41, are **DENIED** as moot.